IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CONNER SPANGENBERG,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PARK HILLS, MISSOURI,<br><br>and<br><br>JASON ISABEL in his individual capacity,<br><br>Defendants. | ) | Case No.:<br><br>**Jury trial demanded** |

## COMPLAINT

### Parties, Jurisdiction, and Venue

1. Plaintiff, Conner Spangenberg (hereinafter "Spangenberg") is a natural person of majority age and resident and citizen of the City of Park Hills, Missouri.

2. Defendant City of Park Hills, Missouri (hereinafter "City of Park Hills" or "City"), is a municipal entity employing, among other persons, police officers for the Park Hills Police Department (hereinafter "Police Department").

3. Defendant Jason Isabel (hereinafter "Isabel") is a natural person of majority age, who upon information and belief, at all times relevant herein was a resident of Missouri. At all times relevant, he was a Park Hills police officer acting under color of state law. He is sued in his individual capacity.

4. This Court has subject matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331 because they arise under 42 U.S.C. § 1983 and the First and Fourth Amendments

to the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's state-law claim under 28 U.S.C. § 1367(a) because it forms part of the same case or controversy.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside in Missouri and the events giving rise to Plaintiff's claims occurred in St. Francois County, Missouri, which lies within the Eastern Division of the Eastern District of Missouri. 28 U.S.C. § 105(a)(1).

## Facts

6. On December 8, 2023, Plaintiff Spangenberg was at his home in the City of Park Hills, Missouri.

7. At that time, Defendant Isabel was responding to a call.

8. At the time, Defendant Isabel was employed by Defendant City as a law enforcement officer with the Police Department.

9. Defendant Isabel arrived at Plaintiff's house without a warrant.

10. Defendant Isabel blocked the entrance to Plaintiff's home. Plaintiff told Isabel that he lived in that home. Defendant Isabel responded by saying "I don't give a f**k."

11. Defendant Isabel continued to curse at Plaintiff as Plaintiff made his way into his home.

12. Then, without provocation, but after Plaintiff's statements, Defendant Isabel shoved Plaintiff, aimed his Taser at Plaintiff, and told him to put his hands behind his back.

13. Before Defendant Isabel first shoved him, Plaintiff was not a threat to Defendant Isabel or anyone else and made no menacing movements.

14. Plaintiff complied immediately when Defendant Isabel told him to put his hands behind his back.

15. With Plaintiff's hands behind his back, Defendant Isabel then shoved Plaintiff at or near the neck, and Plaintiff fell backwards toward the ground.

16. Plaintiff was told to lie on his stomach and place his hands behind his back. He complied immediately.

17. While on the ground, Plaintiff said "you just hit me" to which Defendant Isabel stated "you're goddamn right I did." Then, Defendant Isabel told Plaintiff "I'm going to dump your f*ckin' trash, you piece of sh*t."

18. While cuffed, Plaintiff again said "you threw me to the ground" to which Defendant Isabel stated "you're damn right I did, that's what I do with trash. Don't you f*ckin' say another word about my goddamn kids, I'll knock your teeth out, you understand me." Plaintiff had said nothing about Defendant Isabel's children. Defendant Isabel then called Plaintiff a "little b*tch."

19. Plaintiff was walked to the squad car. He was handcuffed the entire time and was not a threat to officers or anyone else.

20. As they reached the squad car, Defendant Isabel again said, more sternly, "you don't f*cking talk about my kids" as he grabbed Plaintiff. He then threw Plaintiff to the ground, struck him multiple times, and yanked him around while he was on the ground. Defendant Isabel forced his knee into Plaintiff's back.

21. Defendant Isabel then punched Plaintiff in the face while his hands were cuffed and he was not resisting.

22. This force was unnecessary. Plaintiff was subdued, handcuffed, and compliant.

23. Defendant Isabel intended to injure Plaintiff when he took the actions described herein.

24. Defendant Isabel carried out his threat to injure Plaintiff because he mistakenly believed Plaintiff had spoken about his children.

25. Even if Plaintiff had spoken about Defendant Isabel's children, Department Police Officers are not allowed to handcuff or injure a man because of his words.

26. The actions described herein were captured on police body worn cameras.

27. On video, Defendant Isabel admitted that he placed his hand around Plaintiff's throat, threw Plaintiff to the ground, and then smacked him around. Plaintiff was cuffed and not a threat to anyone when this occurred.

28. Plaintiff asked Defendant Isabel for an ambulance but none was provided.

29. As a result, Plaintiff Spangenberg was seriously injured including but not limited to injuries to his back, a L1-L3 transverse process fracture and injuries more specifically described in the medical records, as well as current and future pain and suffering, loss of sleep, emotional distress, medical bills, and lost wages. He will continue to suffer these injuries in the future, and he will require additional medical treatment.

30. Defendant Isabel's actions described above were taken with bad faith, malice and/or wantonly and with a reckless indifference to the rights of others, including Plaintiff's rights.

**COUNT I:**
**Excessive Force in Violation of the Fourth Amendment, 42 U.S.C. § 1983**
**(Isabel)**

31. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

32. Defendant Isabel struck, pulled, pushed, hit, and otherwise put his hands on Plaintiff when Plaintiff was not a threat to anyone's safety or making menacing movements.

33. At the time the force was used, Plaintiff was not suspected to have committed a crime, posed no immediate threat to the safety of officers or others and was not actively resisting or attempting to evade arrest by flight.

34. It is not objectively reasonable to intentionally injure a handcuffed and secured individual.

35. Defendant Isabel's actions described herein were not objectively reasonable.

36. A reasonable officer at the scene would not have used this force against Plaintiff under the same or similar circumstances.

37. Defendant Isabel was acting under color of state law.

38. Defendant Isabel's use of force deprived Plaintiff of his right under the Fourth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, to be free from unreasonable seizures, including the use of excessive force.

39. On December 8, 2023, it was clearly established that an officer may not use gratuitous force against someone like Plaintiff.

40. As a result, Plaintiff Spangenberg was seriously injured including but not limited to injuries to his back, a L1-L3 transverse process fracture and injuries more specifically described in the medical records, as well as current and future pain and suffering, loss of sleep, emotional distress, medical bills, and lost wages. He will continue to suffer these injuries in the future, and he will require additional medical treatment.

41. Defendant Isabel's actions described above were taken with bad faith, malice and/or wantonly and with a reckless indifference to the rights of others, including Plaintiff's rights and therefore, punitive damages should be awarded to punish and deter him and others from the same or similar future misconduct.

WHEREFORE, Plaintiff prays this Court to enter judgment in his favor and against Defendant Isabel and thereafter:

A. Award Plaintiff compensatory damages against Defendant;

B. Award Plaintiff punitive damages;

C. Award Plaintiff reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

D. Allow such other relief as the Court deems just and proper.

## COUNT II:
## First Amendment Violation, 42 U.S.C. § 1983
## (Isabel)

42. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

43. Plaintiff engaged in protected First Amendment activity when he made statements to Defendant Isabel before his shoved the first time, when first told Defendant Isabel that he takes out his trash and when he said words Defendant Isabel believed were about his children and when he asked Defendant Isabel for clarity between when he was handcuffed and walked to the car.

44. Defendant Isabel took an adverse action that would chill a person of ordinary firmness from continuing in protected activity when he:

a. used force on Plaintiff, as described herein;

b. arrested Plaintiff; and

c. charged Plaintiff with crimes.

45. There was no probable cause for the arrest, nor was there arguable probable cause.

46. The use of force here was motivated by the exercise of the protected activity, which Defendant Isabel confirmed on video.

47. It was clearly established as of the date of the incident that a police officer may not use force, arrest and/or charge an individual for the protected speech described herein.

48. As a result, Plaintiff Spangenberg was seriously injured including but not limited to injuries to his back, a L1-L3 transverse process fracture and injuries more specifically described in the medical records, as well as current and future pain and suffering, loss of sleep, emotional distress, medical bills, and lost wages. He will continue to suffer these injuries in the future, and he will require additional medical treatment.

49. Defendant Isabel's actions described above were taken with bad faith, malice and/or wantonly and with a reckless indifference to the rights of others, including Plaintiff's rights and therefore, punitive damages should be awarded to punish and deter him and others from the same or similar future misconduct.

WHEREFORE, Plaintiff prays this Court to enter judgment in his favor and against Defendant Isabel and thereafter:

A. Award Plaintiff compensatory damages against Defendant;

B. Award Plaintiff punitive damages;

C. Award Plaintiff reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

D. Allow such other relief as the Court deems just and proper.

## COUNT III
## MUNICIPAL CUSTOM AND/OR WRONGFUL HIRE, FAILURE TO TRAIN, INSTRUCT, SUPERVISE, CONTROL AND/OR DISCIPLINE IN VIOLATION OF THE FIRST AND FOURTH AMENDMENTS TO THE UNITED STATES CONSTITUTION IN VIOLATION OF 42 U.S.C. § 1983 UNDER *MONELL* AND ITS PROGENY
## (City of Park Hills)

50. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

51. Plaintiff's constitutional rights were violated as described herein.

52. Within the City and its Police Department, there exist widespread customs, practices, and usages so pervasive that they constitute City policy. Those customs caused the constitutional deprivations set forth above and include:

a. Use of excessive force;

b. Use of force against a detained and/or restrained individual; and

c. Use of force in reactions to someone's protected speech;

53. The City knew of these constitutional violations but took no corrective action against the officers who committed them, even though corrective action could have prevented future violations.

54. The City and its Police Department also failed to properly train, equip, and/or supervise Defendant Isabel, including in the following respects:

a. The appropriate amount of force to use;

b. The use of force on a detained and/or restrained individual; and

c. The inability to use force in reaction to protected speech.

55. The City's policymaking officials demonstrated deliberate indifference to or tacit authorization of Defendant Isabel's misconduct after notice of such misconduct.

56. The City's failure to train in these respects evidenced a deliberate indifference to the rights of others, to include Plaintiff.

57. Additionally, but without waiver of the foregoing, the City failed to supervise, control, and/or discipline officers when they engaged in constitutional violations like those set forth herein, such that they demonstrated deliberate indifference to or tacit authorization of such acts on the part of the officers at the scene. Upon information and belief, Defendant Isabel remains employed by the Police Department.

58. The customs, policies, and failures described in this Count were the moving force behind the constitutional violations.

59. Plaintiff has been damaged as a direct and proximate result of the City's acts and/or omissions, as set forth in this Complaint.

60. The deficiencies in the City's training procedures actually caused Plaintiff's injuries and damages in violation of his Constitutional rights.

61. The City acted under color of state law.

62. As a result, Plaintiff Spangenberg was seriously injured including but not limited to injuries to his back, a L1-L3 transverse process fracture and injuries more specifically described in the medical records, as well as current and future pain and suffering, loss of sleep, emotional distress, medical bills, and lost wages. He will continue to suffer these injuries in the future, and he will require additional medical treatment.

WHEREFORE, Plaintiff prays this Court to enter judgment in his favor and against Defendant City and thereafter:

A. Award Plaintiff compensatory damages against Defendant;

B. Award Plaintiff reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

C. Allow such other relief as the Court deems just and proper.

**COUNT IV:**
**Negligence (Isabel)**

63. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

64. Defendant Isabel owed Plaintiff a duty to act reasonably in use of force and to conform to an objectively reasonable standard of conduct regarding when, where and under what circumstances force is used.

65. Defendant Isabel breached that duty when he pushed, shoved, struck, hit, or otherwise touched Plaintiff both before and after he was cuffed.

66. Defendant Isabel had no discretion to take these actions. Even if he did, he acted in bad faith and with malice, and his actions were reckless, callously indifferent, wanton, and intended to cause Plaintiff harm.

67. As a result, Plaintiff Spangenberg was seriously injured including but not limited to injuries to his back, a L1-L3 transverse process fracture and injuries more specifically described in the medical records, as well as current and future pain and suffering, loss of sleep, emotional distress, medical bills, and lost wages. He will continue to suffer these injuries in the future, and he will require additional medical treatment.

68. Punitive damages should be awarded to punish and deter him and others from the same or similar future misconduct.

WHEREFORE, Plaintiff prays this Court to enter judgment in his favor and against Defendant Isabel and thereafter:

A. Award Plaintiff compensatory damages against Defendant;

B. Award Plaintiff punitive damages;

C. Award Plaintiff costs; and

D. Allow such other relief as the Court deems just and proper.

**JURY TRIAL DEMANDED ON ALL COUNTS**

Respectfully submitted,
**PLEBAN & ASSOCIATES LAW, LLC**

By: /s/ J.C. Pleban
J.C. Pleban, #63166
jc@plebanlaw.com
2010 S. Big Bend Blvd.
St. Louis, MO 63117
(314) 645-6666
(314) 645-7376 (FAX)
*Attorneys for Plaintiff*